**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**HERBERT L. McKINNEY,**

    Petitioner,

vs.                                         CASE NO.  4:04cv124-RH/WCS

**JAMES CROSBY,**

    Respondent.

_____/

**O R D E R**[1]

This is an amended petition for writ of habeas corpus filed by Herbert L. McKinney pursuant to 28 U.S.C. § 2254.  Doc. 7.  Petitioner challenges his conviction for possession of cocaine with intent to sell, possession of less than 20 grams of cannabis, and possession of drug paraphernalia in the Circuit Court of the Second Judicial Circuit, in and for Franklin County, Florida, case number 00-179-CFA.

---

[1] I attempted to enter this order on August 17, 2005, and provided a deadline of September 16, 2005.  Unfortunately, that order was never posted on the electronic docket.  Since a month has been lost, I have changed the response time to two weeks. If that is not sufficient, counsel for either party may so advise.

After reviewing the last series of supplements to this record, it is apparent that an evidentiary hearing is needed. The trial court did not hold an evidentiary hearing on Petitioner's Rule 3.850 motion and did not address Petitioner's claim that his trial attorney was ineffective for failing to challenge the secondary detention following the initial safety traffic stop. At least two central factual issues cannot be resolved without a hearing.

First, Petitioner asserts that he was not at the hearing on the motion to suppress. The only evidence that Respondent has been able to produce on this point is the inference that had Petitioner been absent from this hearing, his absence would have been noted in the transcript. Petitioner must be afforded a chance to prove this factual contention with his own testimony.

Second, it is unclear whether Petitioner and his attorney ever discussed the evidence leading to the second detention. Petitioner avers that he was stopped, someone recognized him by name, and then someone else directed him to a secondary location where he was detained to permit a drug dog to sniff around the car. Petitioner states he could not leave because the officers had his driver's license and registration. It is undisputed that there was no reason to send Petitioner to the secondary location because that location was set up solely to process the writing of traffic tickets, and there was no reason to give Petitioner a ticket. Petitioner must be afforded a chance to prove this factual contention with his own testimony.

Accordingly, it is **ORDERED** that:

1. **RANDOLPH P. MURRELL**, Federal Public Defender, 227 N. Bronough Street, Room 4200, Tallahassee, Florida 32301, (850) 942-8818, is appointed to

represent Petitioner on the ineffective assistance of counsel claim, and may also argue any other pending claim if warranted.  Counsel for Petitioner is advised that the state record, filed as document 17, was not scanned into the record and is being stored in Chambers.

     2.  Counsel for both Petitioner and Respondent shall have until **October 3, 2005**, in which to contact this office (850-521-3621) for the scheduling of an evidentiary hearing.

     **DONE AND ORDERED** on September 19, 2005.

      S/ William C. Sherrill, Jr.
     **WILLIAM C. SHERRILL, JR.**
     **UNITED STATES MAGISTRATE JUDGE**